UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ASSICURAZIONI GENERALI SpA a/s/o
LEONARDO SpA                                    Case No:

    Plaintiff

against

HARBOR FREIGHT TRANSPORT
CORPORATION and A&S SERVICE GROUP
LLC d/b/a A&S KINARD LOGISTICS

    Defendants.

_____/

## COMPLAINT

Plaintiff, Assicurazioni Generali SpA a/s/o Leonardo SpA, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1. This is a claim for cargo damage brought pursuant to the Court's diversity jurisdiction, 28 U.S.C. §1332 in that the plaintiff and defendants are corporations of different countries and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Jurisdiction is proper in this venue in that the cause of action arose in this District and defendants conduct business within the District.

### PARTIES

3. At all material times, Assicurazioni Generali SpA (hereinafter "Generali" or "Plaintiff") was and is a corporation with an office and place of business located at Via XII Ottobre

No. 1, Genoa, 16121, Italy, and is the subrogated underwriter of a cargo consisting of Air Parts, as more specifically described below.

4. At all material times, Leonardo SpA (hereinafter "Leonardo" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at Piazza Monte Grappa No. 4, Rome 00195, Italy and was the owner/shipper of a cargo of Air Parts, as more specifically described below.

5. At all material times, defendant, Harbor Freight Transport Corporation (hereinafter "Harbor Freight" or "Defendant") was and is a corporation organized and existing by virtue of the laws of New Jersey with an office and place of business located at 301 Craneway Street, Newark, New Jersey 07114, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a trucking, warehousing and distribution company.

6. At all material times, defendant, A&S Service Group LLC d/b/a A&S Kinard Logistics (hereinafter "A&S Kinard" or "Defendant") was and is a limited liability company, which upon information and belief contains members who are all citizens of the United States and is organized and existing by virtue of the laws of a Delaware with an office and place of business located at 883 E. Tolna Road, New Freedom, PA 17349, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire and as a provider of transportation, warehousing, distribution and logistics solutions.

7. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

8.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 7, as if herein set forth at length.

9.    In or about April 2018, a consignment consisting of 10 Packages Air Parts, including an Aircraft Stabilizer, was sold by Leonardo to CSALP, a company located in Mirabel, Quebec, Canada.

10.    In April 2018 Leonardo thereafter booked the consignment with ocean carrier CMA-CGM S.A. for ocean transit from Salerno, Italy to New York, New York.

11.    The Aircraft Stabilizer (hereinafter "the Cargo or "Stabilizer"), laden in flat rack container TTNU 0707990, then being in good order and condition, was delivered to CMA CGM and/or its agents in Salerno, Italy by cargo shipper Leonardo. The cargo was booked for transit on board the M/V BLANDINE in Salerno destined for Port Elizabeth, New Jersey, all in consideration of an agreed upon freight, all pursuant to CMA CGM bill of lading GEN0911746 dated April 27, 2018.

12.    The M/V BLANDINE arrived at Port Elizabeth without incident and on May 15, 2018 the flat rack container TTNU 0707990 bearing the Cargo was discharged at Maher Terminals, Port Elizabeth, New Jersey.

13.    On May 16, 2018 at approximately 1128 hours, Container TTNU 0707990 was picked up from Maher Terminals by a truck driver from defendant Harbor Freight, mounted on Harbor Freight flatbed trailer # HAFG5000010, and transported to Harbor Freight's facility located at 305 Craneway Street, Port Newark, New Jersey and was parked in the Harbor Freight yard.

14. On May 16, 2018, the right wing of the Aircraft Stabilizer was impacted by a third-party truck owned by Ryder Integral Logistics and caused damage to the right side of the Stabilizer. The damage sustained to the right side wing is not a part of this lawsuit.

15. After inspection and analysis of the right wing damage, it was agreed by Leonardo and its customer that the Stabilizer unit would be returned to Italy for repair.

16. On July 2, 2018, Harbor Freight caused the Stabilizer to be relocated to a "Holding Zone" area outside of its yard, at the corner of Navy and Port Streets, while awaiting a police escort in order to return the Cargo to Maher Terminals for transit back to Italy.

17. On July 2, 2018, while the Stabilizer was in the Holding Zone, a truck operated by defendant A&S Kinard struck the left side wing of the Stabilizer causing extensive damage to the left wing of the Stabilizer.

18. On July 6, 2018 the damage to the left side wing was reinforced, patched and covered in preparation for the continued transit to Italy.

19. The Cargo arrived at Maher Terminals at approximately 1130 hours on July 6, 2018.

20. On July 10, 2018 at approximately 1445 hours the Cargo was loaded on onboard the M/V CMA CGM AMBER, all without any further incident or damage.

21. The Port Authority of New York and New Jersey issued Incident Report no. 18M176885 in respect to the July 6, 2018 incident which resulted in physical damage to the left wing of the Stabilizer. The Report identified the driver of the truck which impacted the left wing of the Stabilizer as David Lunsford Sr., and the vehicle owner as defendant A&S Services Group LLC. The VIN number of the truck was 1FUJGLBGXCLBC8736.

22. The Report further states that Mr. Lunsford admitted that while, making a u-turn his tractor sideswiped the Cargo, causing the damage claimed herein.

23. The damage sustained to the Cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

24. When the cargo arrived back in Genoa, it was inspected and repaired.

25. The cost of repairs to the left wing of the Stabilizer was in the total amount of EUR 179,200.00.

26. As a result of the foregoing, Leonardo suffered damages in the amount of EUR 179,200.00, or approximately US$225,000.00.

27. At all times relevant hereto, a contract of insurance for property damage was in effect between Leonardo and Generali, which provided coverage for, among other things, loss or damage to the aforementioned Cargo.

28. Pursuant to the aforementioned contract of insurance between Leonardo and Generali, monies have been expended on behalf of Leonardo to the detriment of Generali due to the damages sustained.

29. As Generali has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendants, Generali has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendants.

30. The deductible portion of the damage sustained to the left wing of the Stabilizer has been assigned by Leonardo to Generali.

31. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $225,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION – BREACH OF CONTRACT AGAINST HARBOR FREIGHT TRANSPORT CORPORATION

32. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 30, inclusive, as if herein set forth at length.

33. Pursuant to the agreement entered into by and between Leonardo and Harbor Freight, Harbor Freight had a responsibility to properly care for and protect the Cargo while it was in its care, custody and control.

34. Harbor Freight breached its contractual duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

35. As a direct and proximate result of said breach of contract by Harbor Freight, the Plaintiff has suffered damages presently estimated to be no less than $225,000,00.

36. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $225,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION -BREACH OF BAILMENT AGAINST HARBOR FREIGHT TRANSPORT CORPORATION

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as if herein set forth at length.

38. At the time of the aforementioned incident, Harbor Freight, together with the entities hired to act on its behalf, were acting as bailees of the aforementioned cargo and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, and care for the Cargo in the same good order and condition as when entrusted to them.

39. Harbor Freight breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's Cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

40. As a direct and proximate result of said breach of bailment by Harbor Freight, the Plaintiff has suffered damages presently estimated to be no less than $225,000.00.

41. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $225,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION -NEGLIGENCE AGAINST ALL DEFENDANTS

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as if herein set forth at length.

43. The Defendants owed a duty to the Plaintiff to avoid damaging the Cargo.

44. Defendant Harbor Freight breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

45. Defendant Harbor Freight's negligent conduct included, but is not limited to its actions in failing to properly supervise and control the area in the proximity of the temporary Holding Area where the Cargo was placed in preparation of the transit to Maher Terminals, in

allowing third parties to enter the Holding Area such that they could cause damage to Plaintiff's cargo, and in failing to properly mark and establish a safety zone around Plaintiff's Cargo to ensure that third parties would not and could not approach the Cargo and cause damage to same.

46. Defendant A&S Kinard breached and was negligent in that its driver failed to exercise reasonable care in operating its truck and negligently impacted the Cargo, causing physical damage to the Cargo.

47. As a direct and proximate result of the negligent acts committed by Defendants, the Plaintiff has suffered damages presently estimated to be no less than $225,000.00.

48. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $225,000.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants jointly and severally for the amount of Plaintiff's damages in the amount of at least $225,000.00 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: Livingston, New Jersey
      January 28, 2021
      555-01

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

By: *Martin F. Casey*
      Martin F. Casey
      305 Broadway, Ste 1202
      New York, New York 10007
      (212) 286-0225