<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASSICURAZIONI GENERALI SpA a/s/o LEONARDO SpA, | Civil Action No. 21-1349 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| HARBOR FREIGHT TRANSPORT CORPORATION et al., | |
| Defendants. | |

**<u>CHESLER</u>**, District Judge

  This matter comes before the Court on the motion to dismiss Counts Two and Three of the Complaint by Defendant Harbor Freight Transport Corporation ("HFTC.")  The motion has been opposed by Plaintiff Assicurazioni Generali SpA ("Plaintiff.")  For the reasons expressed below, the Court will grant the motion to dismiss.

  This case arises from a dispute between Plaintiff, a seller of goods based in Italy, and Defendant HFTC, a trucking and warehousing company, over damage to a shipment.  The Complaint alleges the following facts.  Plaintiff hired HFTC as one link in a chain of shippers needed to ship the cargo from Italy to Canada.  The cargo, after having arrived intact at Port Elizabeth, New Jersey, was next transported by HFTC to its New Jersey warehouse.  While in the custody of HFTC, prior to onward ocean transportation, the cargo was damaged in an incident involving Defendant A&S Service Group LLC, which has not joined the instant motion.  The Complaint asserts three claims against HFTC: 1) breach of contract; 2) breach of bailment; and 3) negligence.

HFTC moves to dismiss Counts Two and Three as barred by the FAAAA, 49 U.S.C. § 14501(c)(1), which states:

> (c) Motor carriers of property.
>
> (1) General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . .

HFTC contends that § 14501(c)(1) bars all state law claims related to price, route, or service, and thus bars Counts Two and Three. In response, Plaintiff concedes that HFTC is correct as to Count Three and does not oppose the dismissal of this Count.

As to Count Two, Plaintiff opposes the motion to dismiss on the ground that Count Two, breach of bailment, is a claim under federal common law, not state law, and thus does not fall within the scope of § 14501(c)(1). Plaintiff cites a few cases which it contends support its point. In reply, HFTC distinguishes Plaintiff's cases, arguing that they either do not concern FAAAA preemption or involve cargo damage claims arising from *interstate* ground transport related to air transportation, whereas the Complaint alleges cargo damage arising from *intrastate* ground transport related to ocean transportation. HFTC thus asserts that none of these cases stands for the proposition that there is a claim for breach of bailment in connection with *intrastate* transportation under federal common law, where air transportation is not involved.

Furthermore, HFTC cites the discussion of Supreme Court authority by the Second Circuit in Cleveland v. Beltman N. Am. Co., 30 F.3d 373, 379 (2d Cir. 1994). In Cleveland, the Second Circuit considered the district court's decision to find a remedy in federal common law that escaped the preemption of state law by the Carmack Amendment. Id. Having considered the competing arguments based on Supreme Court precedent, the Second Circuit held:

2

> As the Supreme Court teaches in *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), we should be reluctant to use federal common law to supplement comprehensive legislation. In the course of examining the scope of ERISA, the Court opined: "Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. . . . The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." *Id.* at 147. . . .
>
> Consequently, because the issue of a shipper's compensation for actual loss or injury to its property has been comprehensively and directly addressed by the Carmack Amendment, a federal common law cause of action -- even assuming such exists -- is displaced by the Act that has established those remedies Congress deems appropriate in this field.

Id. at 380-81.  The instant case involves another piece of comprehensive federal legislation, the FAAAA, which also directly addresses the issue of a shipper's compensation for injury to its property.  This Court concludes that, pursuant to Massachusetts Mutual, it declines to supplement this comprehensive federal legislation, which establishes those remedies Congress deemed appropriate in the field, by finding a federal common law cause of action.

This Court agrees with HFTC that Plaintiff has no cause of action for breach of bailment under federal common law.  The motion to dismiss Count Two of the Complaint will be granted.

Plaintiff has conceded that Count Three is barred by § 14501(c)(1), and Count Three will be dismissed with prejudice.  This leaves the question of whether Count Two should be dismissed with or without prejudice.  The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293

3

F.3d 103, 108 (3d Cir. 2002); see also Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013) ("It does not matter whether or not a plaintiff seeks leave to amend.")  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  This Court finds that amendment of Count Two is futile, as this Court has just decided that the federal common law remedy Plaintiff seeks is unavailable under Supreme Court precedent.  Count Two will be dismissed with prejudice.

For these reasons,

**IT IS** on this 14th day of April, 2021

**ORDERED** that HFTC's motion to dismiss (Docket Entry No. 7) is **GRANTED**, and, as to Defendant HFTC only, Counts Two and Three in the Complaint are hereby **DISMISSED** with prejudice.

        s/ Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge