UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ASSICURAZIONI GENERALI SpA a/s/o
LEONARDO SpA,

    Plaintiff,

v.

HARBOR FREIGHT TRANSPORT
CORPORATION et al.,

    Defendants.

Civil Action No. 21-1349 (SRC)

**OPINION & ORDER**

---

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss filed by Defendant Harbor Freight Transport Corporation ("HFTC.") HFTC moves to dismiss the two crossclaims filed by Defendant A&S Service Group LLC ("Kinard.") The motion is unopposed. For the reasons expressed below, the Court will grant the motion to dismiss.

This case arises from a dispute between Plaintiff, a seller of goods based in Italy, and Defendants HFTC and Kinard, both of which are transportation and warehousing companies, over damage to a shipment. The Complaint alleges the following facts. Plaintiff hired HFTC as one link in a chain of shippers needed to ship the cargo from Italy to Canada. The cargo, after having arrived intact at Port Elizabeth, New Jersey, was next transported by HFTC to its New Jersey warehouse. While in the custody of HFTC, prior to onward ocean transportation, the cargo was damaged in an incident involving Defendant Kinard. Plaintiff brought suit against both HFTC and Kinard. Kinard filed an Answer in which it brought two crossclaims against

HFTC, one for contribution, pursuant to New Jersey's Joint Tortfeasors Act, and one for indemnity, pursuant to New Jersey common law.

Previously, HFTC moved to dismiss the state law claims in the Complaint as barred by the FAAAA, 49 U.S.C. § 14501(c)(1), and this Court granted the motion, dismissing those claims with prejudice. Now HFTC moves to dismiss Kinard's two crossclaims based on the same rationale, that they are barred by the federal statute. The motion is unopposed. This Court agrees with HFTC that the same reasoning requires dismissal of the crossclaims.

The FAAAA, 49 U.S.C. § 14501(c)(1), states:

(c) Motor carriers of property.

(1) General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . .

HFTC contends that § 14501(c)(1) bars all state law claims related to price, route, or service, and thus bars both crossclaims, brought under New Jersey state law. No opposition has been filed.

HFTC cites the Supreme Court's decision in Am. Airlines v. Wolens, 513 U.S. 219, 226 (1995), in which the Supreme Court considered a preemption clause with similar language from the Airline Deregulation Act, which barred states from enacting or enforcing laws related to airline rates, routes, or services. The Supreme Court interpreted the scope of "services" and a "law related to" to be fairly broad, and this Court will follow suit here: the crossclaims for contribution and common law indemnity are state law claims related to the services of a motor carrier, and are preempted by § 14501(c)(1). Id. Furthermore, the Supreme Court relied on its decision in Morales v. TWA, 504 U.S. 374, 383 (1992), in which it construed the same ADA

preemption clause and held that it had "a broad pre-emptive purpose." Similarly, section 14501(c)(1) of the FAAAA has a broad pre-emptive purpose and effect.

Kinard's crossclaims against HFTC under New Jersey law are pre-empted by the FAAAA, 49 U.S.C. § 14501(c)(1). The motion to dismiss the crossclaims will be granted.

For these reasons,

**IT IS** on this 13th day of July, 2021

**ORDERED** that HFTC's motion to dismiss (Docket Entry No. 21) is **GRANTED** and Defendant Kinard's two crossclaims against Defendant HFTC are hereby **DISMISSED** with prejudice.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge