<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASSICURAZIONI GENERALI SPA a/s/o LEONARDO SPA, | : | **Civil Action No. 21-01349 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION & ORDER** |
| v. | : |  |
|  | : |  |
| HARBOR FREIGHT TRANSPORT CORPORATION, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**<u>CHESLER</u>**, District Judge

      This matter comes before the Court on Transportation Insurance Services Risk Retention Group, Inc.'s ("TIS") motion to intervene and its motion to stay the litigation pending liquidation proceedings involving TIS in South Carolina [ECF 41].[1] Plaintiff, Assicurazioni Generali SPA ("ASG" or "Plaintiff"), has opposed TIS's intervention. To date, no opposition to TIS's motion to stay the litigation has been filed. For the reasons that follow, the Court will vacate its January 18, 2022 Order dismissing the case, grant TIS's motion to intervene, and grant the motion to stay the case pending the proceedings in South Carolina.

### I.  BACKGROUND

---

[1] The Court notes that TIS originally filed an application for an Order to Show Cause as to why the litigation should not be stayed. [ECF 41]. However, in an Order on December 16, 2021, the Court indicated that it would consider TIS's application as a motion to stay the litigation. [ECF 46].

According to Plaintiff's Amended Complaint, this case arises out of dispute over damage to an aircraft stabilizer while in transit from Italy to Canada. In April 2018, Leonardo SPA ("Leonardo"), a seller of goods based in Italy, sold air parts, including the stabilizer, to a company in Quebec, Canada. (Amended Compl. ¶ 10). The stabilizer was shipped to Port Elizabeth, New Jersey without incident. (Amended Compl. ¶¶ 11-13). It was then transported from the port terminal to Defendant Harbor Freight's ("Harbor Freight") facility in Port Newark, New Jersey. (Amended Compl. ¶ 14). While at Harbor Freight's facility, the stabilizer was damaged during an accident involving a truck owned and operated by Defendant A&S Service Group LLC ("A&S").[2] (Amended Compl. ¶ 18, 22). Leonardo had an insurance contract with Plaintiff covering the damaged stabilizer. (Amended Compl. ¶ 28). As such, Plaintiff has the right to bring any claims Leonardo may have as a result of the incident. (Amended Compl. ¶ 30).

Plaintiff brought this action in January 2021. [ECF 1]. The Amended Complaint, filed in July 2021, states a breach of contract claim against Harbor Freight and a negligence claim against both A&S and Defendant Skyline Express LLC, which subsequently acquired A&S after the incident at issue here.[3] (Amended Compl. ¶¶ 33-43). In its Answer to Plaintiff's Amended Complaint, Harbor Freight filed crossclaims for indemnification and contribution against A&S. [ECF 31].[4]

Respondent TIS filed the motions to intervene and stay the litigation in November 2021. TIS is a South Carolina stock risk retention group. (TIS Br. in Support of Motion to Intervene at

---

[2] When the accident involving A&S occurred, the stabilizer had already been damaged in an earlier incident that is not at issue here. (Amended Compl. ¶ 15).
[3] For simplicity's sake, the Court will refer to A&S and Skyline collectively as A&S.
[4] In November 2021, the Court granted a stipulation of dismissal as to the claims against Harbor Freight only. [ECF 39].

2) (hereinafter "TIS Br."). It alleges that it issued an insurance policy to A&S covering the incident at issue here. (TIS Br. at 7). And, importantly, TIS explains that it entered liquidation proceedings in South Carolina state court in April 2020. (TIS Br. at 4-5). As part of those proceedings, the South Carolina court issued a Liquidation Order staying all pending and future litigation against TIS. (TIS Br. at 5-6). Relying on the Liquidation Order, TIS argues it should be allowed to intervene and stay the litigation here: if A&S is found liable for the damage to the stabilizer, TIS, as its insurer, would have to pay thereby depleting the resources available in the liquidation proceeding. The Court addresses TIS's motion to intervene and its motion to stay the litigation separately below.

## II. DISCUSSION

### A. The Motion to Intervene

TIS is entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) states that courts must permit intervention by any party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Third Circuit has enumerated four criteria that must be satisfied to intervene as of right: "(1) the application for intervention is timely, (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." United States v. Terr. of the V.I., 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation

and citation omitted). The decision to permit a party to intervene as of right under Rule 24(a)(2) is within the Court's discretion. Id.

The Court finds that TIS has met all four criteria for intervention as of right. First, TIS's intervention is timely. In evaluating the timeliness of a proposed intervention, courts consider three factors together: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." In re Cmty. Bank of N. Va., 418 F.3d 277, 315 (3d Cir. 2005). Here, the litigation is still at a relatively early stage. As a result, there is nothing indicating that the existing parties will need to take, or undo, certain actions because of TIS's intervention. Therefore, the existing parties will not be prejudiced by TIS's intervention. See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369–70 (3d Cir. 1995) (holding that intervention at an early stage of the litigation will not prejudice the parties).

Plaintiff's argument that allowing TIS to intervene at this stage violates the law of the case doctrine is meritless. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). Plaintiff explains that Magistrate Judge Waldor issued an Order requiring TIS to file its motions by July 30, 2021. [ECF 27]. TIS missed that deadline and did not file its motions until November 2021. (Pl. Br. at 1-2). As such, for Plaintiff, Magistrate Judge Waldor's Order should still govern under the law of the case doctrine and TIS should not now be allowed to intervene. (Pl. Br. at 1-2). However, the doctrine is wholly inapplicable here because Magistrate Judge Waldor's deadline was not a "rule of law" but rather a procedural order governing the case's schedule. [ECF 27]. Moreover, TIS argues that it was not aware of the deadline—it was not at the conference that preceded the court's Order

4

setting the deadline and it never received a copy of the Order. (TIS Reply Br. at 4-5). Thus, while this Court does not condone TIS's failure to meet the deadline set by Magistrate Judge Waldor, that failure alone is insufficient to preclude intervention here.

Furthermore, TIS has an interest in the litigation that will be affected by the disposition of the action and is not adequately represented by the existing parties. Because it is currently in liquidation proceedings, TIS has an interest in ensuring the uniform processing of potential claims. See Ballesteros v. N.J. Prop. Liab. Ins. Guar. Ass'n, 530 F. Supp. 1367, 1371 (D.N.J. 1982) (explaining that the interest in an "economical, efficient, and orderly liquidation and distribution of. . . assets" is especially strong for insolvent insurance companies (quoting Motlow v. S. Holding & Sec. Corp., 95 F.2d 721, 725–26 (8th Cir. 1938)). TIS could not ensure the uniform processing of claims without intervening to enforce the Liquidation Order issued by the South Carolina court. See 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1908.2 (3d ed.2021) ("The rule is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest."). Nor do any of the existing parties share TIS's interest in uniformity. Therefore, TIS satisfies the last three prongs of the intervention inquiry.

Plaintiff contests the veracity of TIS's interest in the litigation by pointing to the fact that A&S's driver indicated that A&S had a liability policy with a different insurance company at the time of the accident. (Pl. Br. at 2-3). At this moment, Plaintiff's argument is inconsequential. TIS has indicated that it provided liability insurance to A&S at the time of the accident. (TIS Br. at 7). To the extent that there is any dispute over TIS's coverage, it should be resolved in the liquidation proceeding in South Carolina.

In all then, TIS's proposed intervention is timely and it has an interest in uniformly processing any claims against its insureds. That interest would be impaired by the disposition of this action involving A&S, one of TIS's insureds, and none of the existing parties can adequately protect TIS's interests. Thus, the Court finds TIS may intervene as of right under Rule 24(a)(2).

### B.  The Motion to Stay

The Court will also grant TIS's motion to stay the litigation. In April 2020, the South Carolina court issued the Liquidation Order staying any existing or future actions brought against TIS. (TIS Br. at 5-6). As a matter of comity, the Court will defer to the South Carolina court's Liquidation Order. See Aly v. E.S. Sutton Realty, 822 A.2d 615, 622 (N.J. Super. App. Div. 2003) (staying a New Jersey state case pending rehabilitation proceedings in Pennsylvania). The stay imposed by the Liquidation Order "is designed to protect the interest of policyholders, creditors of the insurer and the public in general" by allowing the liquidation to occur in an orderly and uniform manner in the jurisdiction where the insurer is domiciled. Id. at 620. New Jersey has recognized the importance of this process by passing the Uniform Insurers Liquidation Act (ULIA). N.J.S.A. §§17:30C-1–31. That law implemented uniform procedures for use in reciprocal states "to eradicate problems caused by the wide distribution of insurance assets throughout the states and then-existing differences in the statutes of various states." Hall v. Michael Bello Ins. Agency, Inc., 880 A.2d 451, 454 (N.J. Super. App. Div. 2005). In the interest of facilitating a uniform and orderly liquidation process, the Court will stay the present action pending the liquidation proceedings in South Carolina.[5]

---

[5] It appears there is no opposition to TIS's motion to stay the litigation. Plaintiff's brief only contained arguments in opposition to the motion to intervene. Moreover, none of the parties filed opposition after the Court's December 16 Order in which it stated it would consider TIS's application for an Order to Show Cause as a motion to stay. [ECF 46, 47].

**III. ORDER**

For the foregoing reasons, it is **HEREBY ORDERED** that the Court's January 18, 2022 Order dismissing the above captioned action [ECF 49] is **VACATED**; and it is further

**ORDERED** that the Clerk is instructed to re-open the above-captioned action; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 24(a)(2), TIS's motion to intervene in the above-captioned action [ECF 41] is **GRANTED**; and it is further

**ORDERED** that TIS's motion to stay the above-captioned action [ECF 41] is **GRANTED**; and it is further

**ORDERED** that, in the interests of comity, the above-captioned action is **STAYED** pending the liquidation proceedings regarding TIS in South Carolina.

             s/ Stanley R. Chesler
             STANLEY R. CHESLER
             United States District Judge

Dated: January 21, 2022